UNITED STATES of America, Plaintiff,

v.

Filiberto OJEDA-RIOS, Defendant.

Crim. No. 88–0318CC.

United States District Court,
D. Puerto Rico.

June 14, 1989.

Daniel F. López–Romo, U.S. Atty., and Juan A. Pedrosa, Asst. U.S. Atty., Hato Rey, P.R., for U.S.

Ojeda–Rios, pro se.

Luis F. Abreu–Elías, Hato Rey, P.R., for defendant.

## ORDER

CEREZO, District Judge.

The Court has before it two motions (docket entries 113A and 135) in which the defendant requests that his trial proceedings be conducted in Spanish. These are two brief motions in which the defendant, who understands the English language, asserts, without further explanation, that "the use of English is a violation of Mr. Ojeda–Ríos' rights under the constitution and international law." Defendant submitted an article by professors of law Carmelo Delgado–Cintrón and Alfonso L. García–Martínez entitled *The Spanish Language and the United States District Court for the District of Puerto Rico* which chastised the federal court as an alien entity in Puerto Rico and compiled expressions made throughout the years in favor of the use of Spanish in this forum. The language issue has been debated over the years. The constitutionality of the use of English in the United States District Court for the District of Puerto Rico has been upheld. *See e.g., United States v. Valentine,* 288 F.Supp. 957, 962–965 (D.P. R.1968); *United States v. DeJesús Boria,* 518 F.2d 368, 371 (1st Cir.1975). "We are of the opinion that the present system affords Spanish speaking defendants their rights to due process, a fair trial, the assistance of counsel, and the equal protection of laws under the fifth, sixth, and fourteenth amendment." [1] Our own experience in criminal proceedings confirms the conclusion that the present system is not constitutionally infirm. Accordingly, the defendant's motion to conduct the trial in the Spanish language is hereby DENIED.

The Court, however, understands, in fairness to Mr. Ojeda–Ríos, that the continuity of his opening statement and closing argument would be unduly hampered by the requirement of consecutive translation as is done with the presentation of testimony during the trial. Mr. Ojeda–Ríos waived his right to counsel and is proceeding pro se. The Supreme Court has recognized that the right to self-representation is intended to promote "dignitary values." *McKaskle v. Wiggens,* 465 U.S. 168, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984). To impede by continuous interruptions the flow of his thoughts and message to the jury in opening and closing summations, summations which are *not* evidence, would seriously erode the effectiveness of his own representation at this particular and important stages of the proceedings.

---

1. *See DeJesús Boria, supra,* at 371.

Accordingly, should Mr. Ojeda–Ríos decide to make the opening statement and/or closing argument, he may do so with minimal interruption, with the English translation being made simultaneously through headphones to the court reporter, and, should they request, to the prosecutor and a stand-by attorney.

As an added protection, Mr. Ojeda–Ríos' opening statement and/or closing argument will be tape recorded. Should any objection to the English *translation* be raised, it may then be verified and corrected, if necessary. Should there be a juror in the panel who does not understand the Spanish language, then the usual manner of consecutive translation will also have to be followed for these portions of the trial.

SO ORDERED.